**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1106
_____

AMRO A. ELANSARI,
Appellant

v.

UNITED STATES OF AMERICA; COMMONWEALTH OF PENNSYLVANIA;
PENN STATE DICKINSON SCHOOL OF LAW; CENTRE COUNTY
COURTHOUSE; STATE COLLEGE POLICE DEPARTMENT; CENTRE
COUNTY CORRECTIONAL FACILITY; CENTRE COUNTY DISTRICT
ATTORNEY'S OFFICE; TOWN OF BLOOMSBURG; COLUMBIA COUNTY
DISTRICT ATTORNEY'S OFFICE; COLUMBIA COUNTY COURTHOUSE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 15-cv-01461)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2020

Before: SHWARTZ, RESTREPO and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 30, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant Amro Elansari appeals from the District Court's dismissal of his claims against a host of parties including the United States, various law enforcement agencies of the Commonwealth of Pennsylvania, and the Pennsylvania State University School of Law based on his belief that any prohibition against marijuana possession, use, or distribution is intrinsically unconstitutional. We will affirm.

I.

We write primarily for the parties who are well-versed in the factual and procedural details of this case; thus, we provide background only as necessary to resolve this appeal.

In 2015, Elansari sued various federal and state government agencies, county courthouses, county courts, and Penn State Law seeking, among other things, an injunction against these parties from enforcing any laws regulating or prohibiting the possession, use, or distribution of marijuana.[1] At that time, Elansari also filed an "Emergency Petition for Ex Parte Preliminary Injunction" to enjoin Defendants from

---

[1] Elansari made other allegations unrelated to his central argument against marijuana regulation including, for example, that the Columbia County District Attorney was liable to him for legal malpractice because the District Attorney is Elansari's personal attorney and, therefore, when the District Attorney declined to prosecute Elansari's unrelated private criminal complaint, the District Attorney committed malpractice. He also alleged that he was given an A- grade instead of an A grade in an unidentified course, then wrongfully denied admission to Georgetown University Law Center.

2

"Arresting/Incarcerating/Charging/Recreational/Safe Use of Marijuana and all schools from discriminating against students for the same in the interest of due process and liberty and justice for all." The District Court denied Elansari's petition, reasoning that Elansari could neither establish a likelihood of success on the merits nor articulate an imminent irreparable injury. Elansari appealed.

We summarily affirmed the District Court's decision. We concluded that it correctly ruled that Elansari could not show a likelihood of success on his claim that limitation, regulation, or prohibition of marijuana possession, use, or distribution is intrinsically unconstitutional given the well-established proposition that such regulation is supported by a rational basis. Elansari v. United States, 615 F. App'x 760, 762 (3d Cir. 2015) (citing Gonzales v. Raich, 545 U.S. 1, 22 (2005) (rejecting a Commerce Clause challenge to certain laws governing marijuana use and concluding that a rational basis exists to support the laws)). We further affirmed the District Court's denial of his petition because Elansari failed to establish that any imminent irreparable injury would result in the absence of an injunction. In so concluding, we rejected Elansari's claim, among others, that without an injunction, unidentified persons suffering from seizures of unknown origin would be denied access to the "instant cure" of marijuana. Even if Elansari established a likelihood of success on the merits and the existence of imminent irreparable harm, we further concluded that the type of injunction demanded by Elansari would not be in the public interest especially considering the extraordinary nature of

3

injunctive relief.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24

(providing that a "preliminary injunction is an extraordinary remedy never awarded as of

right").

Meanwhile, in the District Court, Defendants filed a series of motions to dismiss

Elansari's complaint.  Upon consideration of the thorough report and recommendation of

a Magistrate Judge, the District Court granted all Defendants' motions dismissing

Elansari's case with prejudice except for his due process claim against Penn State Law,

which the District Court permitted Elansari to replead in an amended complaint.[2]  After

Elansari filed his amended complaint, Penn State Law moved for summary judgment on

Elansari's due process claim related to his suspension from the law school.[3]  Upon

---

[2] As a matter of uncontested fact from the record below, Penn State Law suspended
Elansari for two years after finding, at an Honor Code hearing, that he failed to abide by a
school directive that he stop communicating with and contacting a particular female
classmate who had complained about his behavior toward her.  After this hearing,
however, Elansari returned to the law school in violation of the terms of his suspension.
Penn State Law then filed a petition in state court to enjoin Elansari from further
disrupting Penn State Law's academic instruction.  The state court held a full hearing, at
which Elansari was present, and the court entered a permanent injunction against Elansari
prohibiting him from entering the law school.  Elansari was later further restricted from
entering onto Penn State University's campus as a result of his violation of the conditions
of his probation from a separate criminal conviction.

[3] Elansari filed many other documents and motions with the District Court including
profanity-laden letters containing personal poems, notes about his pet cat, and accounts of
online disputes he had with viewers of his Facebook comments, purported amicus briefs
sharing his beliefs about unrelated Supreme Court cases, and a motion to join Facebook,
Inc. as a defendant in this case.

consideration of another extensive and detailed report and recommendation, the District Court granted summary judgment to Penn State Law. This appeal followed.

In support of his appeal, Elansari submitted a one-page brief proclaiming that "the jig is up" and requesting that marijuana be "legalize[d] . . . right now" because "failure to do so will constitute [] deprivation of rights under color of law . . . and will be reported to the F.B.I." Appellant's Br. After we granted Appellees Centre County Court of Common Pleas, Columbia County Courthouse, and State College Police Department's motions to be excused from filing responsive briefs, and after the United States delivered a letter to this Court explaining that it will rest on the opinion and decision of the District Court, Elansari filed a Motion to Supplement his initial one-page brief along with a copy of his proposed supplemental brief.[4] Because we grant Elansari's Motion to Supplement, we consider the arguments contained in his supplemental brief in tandem with the terse arguments contained in his original brief.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

---

[4] Initially, Elansari filed a profanity-laden supplemental brief. Appellant's Supp. Br. 2, ECF No. 63 (including vulgar profanity directed at a state court judge and the judges of the Centre County Court of Common Pleas). Later, he filed two "corrected" supplemental briefs with less profanity.

We review the grant of Penn State Law's motion for summary judgment de novo. Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P., 785 F.3d 96, 100 (3d Cir. 2015). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the respondent, "no genuine dispute exists as to any material fact, and the moving party is entitled to judgment as a matter of law." Montone v. Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). We also review the grant of all other Appellee's motions to dismiss de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

Given the rigor and detail of the District Court's and the Magistrate Judge's reasoning, and our own decision earlier in this case on Elansari's Emergency Petition for Ex Parte Preliminary Injunction, we need not spend undue time in our analysis now. Indeed, it is no surprise, given our earlier conclusion on Elansari's request for a preliminary injunction—that he could not establish a likelihood of success on the merits—that we now conclude that the District Court correctly decided that Elansari's claims fail on the merits.

Although Elansari covers a range of topics in his appellate brief and supplemental brief—all while leveling ad hominem attacks on the District Court as well as threats to report the District Court, this Court, and others to the F.B.I. for fraud—Elansari's appeal centers on two legal issues. First, Elansari argues that the District Court erred in deciding that he cannot show that any limitation, regulation, or prohibition on the possession, use, or distribution of marijuana is unconstitutional. Second, he argues that the District Court erred in deciding that Penn State Law did not violate his due process rights when it initially suspended him for two years and then again suspended him indefinitely. We disagree for the reasons articulated by the District Court in its over one hundred pages of well-reasoned and detailed analysis, but depart from the District Court's analysis only slightly in connection with Elansari's substantive due process claim.

We begin with Elansari's argument that any prohibition on the possession, use, or distribution of marijuana violates the Equal Protection Clause.[5] We agree with the District Court that Elansari's claim fails under a traditional theory of equal protection because he has not shown that, as an individual who uses, possesses, or distributes

---

[5] To prevail under a traditional equal protection theory, a plaintiff bears the burden of showing that he is a member of a protected class and that the government treated similarly situated persons outside the protected class differently. Keenan v. City of Phila., 983 F.2d 459, 465 (3d Cir. 1992).

To prevail under a class-of-one theory, a plaintiff bears the burden of showing that he "was intentionally treated differently from others similarly situated . . . and that there is no rational basis for the difference in treatment." Phillips v. Cty. of Allegheny, 515 F.3d 224, 244 (3d Cir. 2008).

marijuana, he is a member of a protected class. We also agree with the District Court that Elansari's claim fails under a class-of-one theory as well because, despite ample opportunity, he has never adduced evidence nor made a credible allegation that he was irrationally and intentionally treated differently by Penn State Law, or any other Appellee, from any similarly situated individual.

Next, we turn to Elansari's argument that the District Court erred in concluding that neither Penn State Law, nor any other Appellee, violated his procedural or substantive due process rights when Penn State Law first suspended him for two years and then suspended him indefinitely.

"To prevail on a procedural due process claim, a litigant must show (1) that the state deprived him of a protected interest in life, liberty, or property and (2) that the deprivation occurred without due process of law." Burns v. Pa. Dep't of Corr., 544 F.3d 279, 285 (3d Cir. 2008) (citing Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)).

Regarding Elansari's initial two-year suspension, the District Court concluded that he received appropriate procedural due process before his suspension. Indeed, the District Court noted that Elansari admitted that he received notice of the Honor Code hearing to review his alleged violation of a school directive to stop communicating and contacting a female classmate. Elansari admitted that he attended the Honor Code hearing, and that he actively participated in the hearing. Elansari failed to allege any

8

cognizable deficiency in the process afforded to him before his suspension. Having reviewed the record, we agree with the District Court that Elansari cannot establish a procedural due process violation in connection with his initial two-year suspension from the law school.

Similarly, we agree with the District Court that Elansari cannot establish a procedural due process violation in connection with his indefinite suspension because he has not alleged any cognizable deficiency in the process afforded to him before his second suspension. Elansari's indefinite suspension was imposed by way of the Centre County Court of Common Pleas' grant of Penn State Law's petition for permanent injunction against his presence in the law school. Elansari received notice of the hearing and, indeed, he was an active participant at the hearing.

Finally, as for Elansari's alternate theory that one or both of his suspensions violated his substantive due process rights, we will affirm the District Court's ruling, but on different grounds.

To prevail on a substantive due process claim, a plaintiff must show that she was deprived of a fundamental right through an arbitrary and deliberate abuse of authority. Indep. Enter., Inc. v. Pittsburgh Water and Sewer Auth., 103 F.3d 1165, 1179–80 (3d Cir. 1997).

The District Court concluded that Elansari could not prevail on a substantive due process claim because continued enrollment in a graduate program is not a fundamental

property right protected by substantive due process.  We need not resolve that question here because even if we assume that continued enrollment in a graduate program is a fundamental property right, Penn State Law's decision to suspend him was not "beyond the pale of reasoned academic decision-making" or otherwise the result of an arbitrary and deliberate abuse of authority.  <u>Regents of Univ. of Mich., v. Ewing</u>, 474 U.S. 214, 228 (1985).  Thus, Elansari's substantive due process claim fails.

IV.

Accordingly, we will affirm the judgment of the District Court.  Appellant's Motion to File a Supplemental Brief is granted and any other outstanding motions are denied.